IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 30 2012

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

| | | |
|---|---|---|
| PAUL GLENN DILLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-430-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by petitioner, Paul Glenn Dills, a state
prisoner currently incarcerated in Cuero, Texas, against Rick
Thaler, Director of the Texas Department of Criminal Justice,
Correctional Institutions Division, respondent. After having
considered the pleadings, state court records, and relief sought
by petitioner, the court has concluded that the petition should
be dismissed as time-barred.

I.  Factual and Procedural History

On November 7, 2008, a jury convicted petitioner of two
counts of aggravated assault with a deadly weapon and one count
of unlawful restraint in Cause Nos. 13731, 13732, and 13733 in

the 29th Judicial District Court of Palo Pinto, County, Texas,
petitioner pleaded "true" to a prior 2000 felony conviction, and
the trial court assessed his punishment at 40, 20, and 15 years'
confinement, respectively.  (1Clerk's R. at 47; 2Clerk's R. at
40; 3Clerk's R. at 40[1])  Petitioner appealed his convictions, but
the Eleventh District Court of Appeals of Texas affirmed the
trial court's judgments on April 16, 2009. *Dills v. State*, Nos.
11-08-00301-CR through 11-08-00303-CR, slip op. (Tex.
App.-Eastland Apr. 16, 2009) (not designated for publication).
Petitioner did not file a petition for discretionary review; thus
his convictions became final under state law on May 18, 2009.[2]
*See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690,
694 (5th Cir. 2003).

On August 22, 2011, petitioner filed three state
postconviction applications for habeas relief, one for each
conviction, which were denied without written order by the Texas
Court of Criminal Appeals on March 7, 2012.  *Ex parte Dills*,
Appl. Nos. WR-77,214-01, WR-77,214-02 & WR-77,214-03.  This

_____

[1]"1Clerk's R." refers to the state court record in trial
court Cause No. 13731; "2Clerk's R." refers to the state court
record in trial court Cause No. 13732; "3Clerk's R." refers to
the state court record in trial court Cause No. 13733.

[2]The thirtieth day fell on May 16, 2009, a Saturday.

2

federal petition is deemed filed on June 19, 2012, in which petitioner challenges his convictions and sentences in four grounds.  Respondent, Rick Thaler, contends the petition is untimely.  (Resp't Prel. Resp. At 4-8)

## II.   STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review.  For purposes of this provision, petitioner's convictions became final on May 18, 2009, triggering the one-year limitations period, which expired one year later on May 18, 2010, absent any tolling.  *Roberts*, 319 F.3d at 694.

Petitioner's state habeas applications filed on August 22, 2011, after the statute of limitations had already expired, did not operate to toll the running of the federal period under the statutory tolling provision in § 2244(d)(2), nor has petitioner demonstrated that he is entitled to tolling as a matter of equity.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2560 (2010);

4

*Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). Petitioner wholly fails to explain his delay in seeking state and federal postconviction habeas relief. It is well recognized that neither a petitioner's unfamiliarity with the legal process nor his ignorance of the law, even for an incarcerated pro se petitioner, does not excuse prompt filing. See *Fierro v. Cockrell,* 467 F.3d 484, 683 (5th Cir. 2006); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).

Petitioner's federal petition was due on or before May 18, 2010. Accordingly, his petition filed on June 19, 2012, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not shown his petition is not time-barred or made

a substantial showing of the denial of a constitutional right.

SIGNED August _____30_____, 2012.


_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE